IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.J.H.,                          :

      Plaintiff,             : Case No. 2:09-cv-637

  v.                             : JUDGE SARGUS

Ohio Rehabilitation Services     :
Commission, et al.,

      Defendants.            :

ORDER

On July 21, 2009, the Court received three filings from the plaintiff, who is identified only as "A. J. H." Those filings are: (1) a motion to proceed under pseudonym and to file identifying information under seal; (2) a motion for leave to proceed *in forma pauperis*; and (3) a complaint asserting claims under the Rehabilitation Act, 29 U.S.C. §701 *et seq*. For the following reasons, the Court will grant the motion for leave to proceed *in forma pauperis* and deny the motion for leave to proceed under a pseudonym. The parties are, of course, are free to, and obligated to, make any redactions to documents filed in this Court pursuant to Local Civil Rule 26.2 and the E-Government act of 2002.

I.

The memorandum supporting the motion to proceed under pseudonym asserts that, under the Rehabilitation Act and regulations promulgated thereunder, information relating to eligible individuals who receive vocational rehabilitation services is deemed sensitive and confidential. Plaintiff asserts that if this information is made part of the public record, "he will be subject to public release of this information and the resulting stigmatization would be contrary to the purposes of the

confidentiality provisions of the Rehabilitation Act and its implementing regulations." Although the Court recognizes that the information which plaintiff will be required to disclose in public court filings is, under ordinary circumstances, sensitive and confidential, the constitutionally-recognized public interest in open access to court records outweighs the plaintiff's confidentiality interests in this particular case.

In this circuit, the standard for evaluating a request to proceed under a pseudonym in a civil case is set forth in <u>Doe v. Porter</u>, 370 F.3d 558, 560 (6th Cir. 2004). As it relates to this case, the test is whether, if the plaintiff were required to file his or her documents publicly and under his or her proper name, information of the "greatest intimacy" would be revealed which would have the likely effect of stigmatizing the plaintiff in the eyes of the public. Otherwise, the public's interest in access to court records, an interest arising under the First Amendment to the United States Constitution, requires that the case proceed under the plaintiff's real name and that all filings be part of the public record. Cf. <u>Brown & Williamson Tobacco Corp. v. FTC</u>, 710 F.2d 1165 (6th Cir. 1983).

The Court has been unable to locate a single decision holding that public disclosure of the fact that a plaintiff suffers from ADHD and receives vocational services is the type of information which would stigmatize the plaintiff and therefore should be withheld from the general public. One court did allow a plaintiff to proceed under a pseudonym in a Rehabilitation Act case, but that plaintiff was HIV-positive, and the court was concerned about the public perception of a person with that status. See <u>Patient v. Corbin</u>, 37 F. Supp. 2d 433 (E.D. Va. 1998). In every other Rehabilitation Act case involving a request to proceed under a pseudonym which the Court was able to locate, the courts, applying the same standard as set forth in

2

Doe v. Porter, denied the request.  See Smith v. New York Presbyterian Hospital, 254 Fed. Appx. 68 (2d Cir. 2007); Ellis v. Maryland Department of Education, 1999 WL 1020739 (4th Cir. November 10, 1999); Doe v. Frank, 951 F.2d 320 (11th Cir. 1992).  The Court finds these cases persuasive and conclude that the plaintiff is not entitled to proceed under pseudonym, nor is he entitled to have all documents related to his medical condition and vocational services filed under seal.

II.

Based on the foregoing, plaintiff's motion for leave to proceed under pseudonym and to file identifying information under seal (#1) is denied.  His motion for leave to proceed *in forma pauperis* (#1-2) is granted.  The Clerk is directed to file the complaint.  Plaintiff is permitted to prosecute this action without prepayment of fees or costs, and any judicial officers who render services in this action shall do so as if costs had been prepaid.

It is further ordered that the United States Marshal serve by certified mail a copy of the complaint, summons, and a copy of this order, upon the defendant at each of the addresses shown on the Process Receipt and Return forms which have been completed by the plaintiff.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge